IN THE MATTER OF THE APPLICATION OF LIN-
COLN D. SPENCER FOR A WRIT OF MANDAMUS
AGAINST F. B. McSTOCKER, Collector-General of
Customs.

(Case of "The Star of France.")

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED MARCH 29, 1899.        DECIDED MAY 1, 1899.

JUDD, C.J., FREAR AND WHITING, JJ.

A motion to quash an answer to an alternative writ of mandamus was
overruled on the ground that the allegation of a certain fact in the
answer was a sufficient bar. The petitioner could not make an
issue of fact because he had made the same allegation in his pe-
tition. Held, the proper practice was to dismiss the petition and
not allow a discontinuance.

OPINION OF THE COURT BY FREAR, J.

Petitioner applied for a writ of mandamus to compel respond-
ent to grant a Hawaiian register for the ship "Star of France"
which was alleged in the petition to be upon the high seas and
bound for the port of Honolulu. An alternative writ was issued
directing respondent to grant the register or show cause to the
contrary. Respondent answered alleging, among other things,
that the ship was on the high seas and had not yet arrived at
the port of Honolulu. Petitioner moved to quash the answer
for insufficiency among other reasons. This motion was over-
ruled on the ground that respondent could not be required to
grant a register until the vessel arrived. Petitioner appealed

but withdrew his appeal and moved to be allowed to discontinue without prejudice to his right to bring a new action, which motion was allowed. Respondent moved to reopen the motion for discontinuance on the ground that he had not been present or represented when it was allowed, his counsel not having received the notice of the date of hearing. The motion for discontinuance was reopened and this and a motion made by respondent for a final decree dismissing the writ were heard together. The former was allowed, the latter denied. Respondent appealed from both rulings.

If it had appeared from the allegations of the answer alone that petitioner was not entitled to a peremptory writ, the overruling of his motion to quash the answer would clearly be interlocutory and would not entitle respondent to a final decree, for petitioner would then be entitled to traverse the allegations of the answer. In such cases doubtless the judge might properly allow a discontinuance at that stage of the case. But in the present case it appears from the allegations of the petition itself that the petitioner is not entitled to the writ. He could not, therefore, make an issue of fact. He could not deny the truth of the remaining allegations of the answer and go to trial on them, for the single allegation that the ship was on the high seas had been held a sufficient bar, and he could not deny the truth of that for he had himself made the same allegation in his petition. The decision overruling the motion to quash the return was, it is true, interlocutory in a certain sense. It was interlocutory in form. But it really disposed of the whole case. The decision was in effect that on the undisputed facts the writ ought not to be issued. The petitioner could not discontinue as of right at that stage. Whether the judge in his discretion might properly allow a discontinuance is not so clear. On the one hand the result apparently would be the same whether a discontinuance were granted the petitioner or a decree of dismissal were granted the respondent. For in either case the petitioner might file another petition when the ship arrived, and perhaps therefore the respondent could not be said to be preju-

diced by the allowance of a discontinuance. But on the other hand he had acquired some right by the submission of what was held to be a crucial question in the case and by the actual decision of that question in his favor, and a decree of dismissal would at least prevent the bringing of a second suit before the ship should arrive. The statute also provides (Civ. L. Sec. 1610): "If on the day assigned for answering the order, the party to whom it is directed answers and shows sufficient reasons to justify his conduct, *the complaint shall be dismissed,* and the petitioner shall pay the costs occasioned by the application." On the whole we are of the opinion that the motion for discontinuance should have been disallowed and the motion for a decree dismissing the complaint allowed.

The orders appealed from are reversed and the case is remitted to the circuit judge for such further action as may be proper in accordance with the foregoing views.

*Kinney, Ballou & McClanahan* for petitioner.

*Attorney-General H. E. Cooper* for respondent.